# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID LEWENZ, | Case No. 2:20-cv-01994-KJD-EJY |
| Plaintiff, | ORDER |
| v. | |
| STATE FARM INSURANCE COMPANY, | |
| Defendant. | |

Presently before the Court is Defendant's Motion to Dismiss (#16). Plaintiff filed a response in opposition (#17) to which Defendant replied (#18).

## I. Background

This case arises from a car accident which occurred on May 3, 2018 in Las Vegas, Nevada. Plaintiff David Lewenz and now non-party Karim Landry were involved in an accident where liability was disputed. The parties filed suit against each other. State Farm intervened in the case. Other parties were added to the case and have since been dismissed. Plaintiff Lewenz and Karim Landry have settled their claims against each other. Plaintiff Lewenz now files this Amended Complaint against State Farm for causes of action including Breach of Contract, Contractual Breach of Implied Covenant of Good Faith and Fair Dealing, Tortious Breach of Implied Covenant of Good Faith and Fair Dealing, Unfair Practices in Settling Claims, and Declaratory Relief. Plaintiff also requests punitive damages against State Farm. Defendant then filed this motion seeking to dismiss the Declaratory Relief cause of action and the request for punitive damages pursuant to FRCP 12(b)(6).

///

///

II. Standard for a Motion to Dismiss

Pursuant to the Federal Rules of Civil Procedure ("Rule"), a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support a cognizable legal claim. See SmileCare Dental Group v. Delta Dental Plan of Cal. Inc., 88 F.3d 780, 783 (9th Cir. 1996). Under Rule 12(b)(6), a party may move to dismiss a claim for failure to state a claim upon which relief can be granted. "The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996). The U.S. Supreme Court has held that to survive a motion to dismiss a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Further, "[w]hile a complaint attacked by . . . a motion to dismiss does not need to provide detailed factual allegations, a plaintiff's obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555, 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. Id. at 545.

In addition, in Ashcroft v. Iqbal, the U.S. Supreme Court set a method for evaluating motions to dismiss. 556 U.S. 662 (2009). First, a reviewing court must determine which averments are merely legal conclusions and which are factual assertions. When there are well-pled allegations, a court should assume their veracity. Id. at 679. Second, the Court must consider whether the factual allegations facially and plausibly suggest an entitlement to relief. Id. at 678-79. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 679.

III. Analysis

    A. Claim for Declaratory Relief / Indemnity

Plaintiff seeks a declaratory judgment stating that State Farm owes him a duty to indemnify him on his uninsured motorist claim. However, "[t]he duty to indemnify arises when

an insured becomes legally obligated to pay damages in the underlying action that gives rise to a claim under the policy." United Nat'l Ins. Co. v. Frontier Ins. Co., 99 P.3d 1153, 1157 (Nev. 2004). Here, Plaintiff is not asserting that he is at fault and obligated to pay damages, just the opposite. He is claiming that he has suffered damages, not covered by other insurance, which State Farm is obligated by contract to pay. Accordingly, the fifth cause of action for declaratory relief is dismissed without leave to amend.

B. Punitive Damages

Punitive damages are designed to punish and deter a defendant's culpable conduct and act as a means for the community to express outrage and distaste for such conduct. Countrywide Home Loans, Inc. v. Thitchener, 192 P.3d 243, 252 (Nev. 2008). The Supreme Court of Nevada has addressed the standards applicable to claims for punitive damages, which are set forth in NRS 42.001, 42.005, and 42.007:

> Before punitive damages may be recovered, NRS 42.005(1) requires clear and convincing evidence of either implied malice or oppression. Once the district court makes a threshold determination that a defendant's conduct is subject to this form of civil punishment, the decision to award punitive damages rests entirely within the jury's discretion.

Id. at 253. Therefore, the Court must make a threshold determination at the outset as to whether Plaintiffs have set forth sufficient evidence that could support a jury finding, by clear and convincing evidence that either defendant engaged in conduct amounting to malice or oppression. Clear and convincing evidence is proof beyond a mere preponderance of the evidence. See Albert H. Wohlers & Co. v. Bartgis, 969 P.2d 949, 957 (Nev. 1998).

NRS 42.001 defines malice and oppression:

> "Malice, express or implied" means conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others.
>
> "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person.

NRS § 42.001 (2), (3). The statute also defines the term "conscious disregard," which "means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate

- 3 -

failure to act to avoid those consequences." NRS 42.001(1). This definition, the Nevada Supreme Court has held, is plain and unambiguous and, "at a minimum, must exceed mere recklessness or gross negligence." Countrywide, 192 P.3d at 255.

Here, at the pleading stage, Plaintiff must only plead the bare minimum of facts that could plausibly state a claim. Plaintiff has met this very low threshold. At the summary judgment or trial stage, Plaintiff will be required to adduce specific, substantial and admissible evidence of conscious disregard. The motion to dismiss the claim for punitive damages is denied.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#16) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Plaintiff's Fifth Cause of Action for Declaratory Relief/Indemnity is **DISMISSED with prejudice**;

IT IS FURTHER ORDERED that Defendant's motion to dismiss the claim for punitive damages is **DENIED**.

DATED this 22nd day of September 2021.

_____
The Honorable Kent J. Dawson
United States District Judge